NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1334

COMMONWEALTH

vs.

KENNETH D. DWYER.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Kenneth D. Dwyer, appeals from the denial of his motion to withdraw his guilty plea.  In 2016, a criminal complaint issued charging the defendant with operating under the influence of liquor (OUI), second offense, G. L. c. 90, § 24 (1) (a) (1); a marked lanes violation, G. L. c. 89, § 4A; a speeding violation, G. L. c. 90, § 17; and possession of an open container of alcohol, G. L. c. 90, § 24I.  The defendant pleaded guilty in District Court to the OUI charge.  Five years later, the defendant moved to withdraw his plea.  The same judge who had served as the plea judge denied the motion.

A motion to withdraw a guilty plea is treated as a motion for a new trial pursuant to Mass. R. Crim. P. 30 (b), as

appearing in 435 Mass. 1501 (2001).  Commonwealth v. Sylvester, 476 Mass. 1, 5 (2016).  "We 'review the denial of a motion to withdraw a guilty plea to determine whether there has been a significant error of law or other abuse of discretion.'" Commonwealth v. Barros, 494 Mass. 100, 111 (2024), quoting Sylvester, supra.  "Particular deference is to be paid to the rulings of a motion judge who served as the [plea] judge in the same case." Commonwealth v. Lewis, 96 Mass. App. Ct. 354, 357 (2019), quoting Sylvester, supra at 6.

In his motion, the defendant claimed that "newly discovered evidence has come to light that 'casts real doubt on the justice of the conviction.'"  The defendant did not identify any such evidence, but rather averred generally that "[h]ad I known the breath test result obtained from me when I was arrested was not going to be admissible at trial, I would not have entered a guilty plea."  The defendant also stated, without further detail, that "his plea was involuntarily induced by intentional government misconduct that has since been discovered."

At the defendant's plea hearing in 2016, the judge conducted a thorough examination to determine whether the defendant's waiver was knowing, voluntary, and intelligent based on information known at the time about the reliability of breathalyzer test results in OUI cases.  At that time, hundreds

2

of OUI cases in Massachusetts had been consolidated for the purpose of determining the reliability of breathalyzer test results from the Draeger Alcotest 9510 breathalyzer and deciding whether those results should be excluded.  See Commonwealth v. Hallinan, 491 Mass. 730, 737-738 (2023).  The judge asked the defendant at the plea hearing if he understood that his "case was part dependent -- or attached to some litigation, pending challenging the results of the breathalyzer test," and that "by pleading today, [he was] giving up or waiving any rights that [he] may have" in connection with that ongoing challenge to the admissibility of breathalyzer test results.  The defendant responded, "Correct."  Based on this record, we agree with the judge's conclusion in 2022 that, at the time the defendant pleaded guilty, "the defendant was aware of ongoing litigation challenging admissibility of breath test results" and that "[h]e made a knowing intelligent and voluntary waiver of his right to have his case brought under what came to be known as the Ananias decision."  See Commonwealth vs. Ananias, Dist. Ct., No. 1248CR1075 (Feb. 16, 2017).

Nevertheless, the defendant did not waive his right to seek appropriate remedies for government misconduct.  After he pleaded guilty, an investigation by the Executive Office of Public Safety and Security "identified a history of intentional

3

withholding of exculpatory evidence by [the State police office of alcohol testing (OAT)], blatant disregard of court orders, and other misconduct." Hallinan, 491 Mass. at 740. One year after the judge denied the defendant's motion to withdraw in 2022, the Supreme Judicial Court concluded in Hallinan that, based on these findings, defendants who pleaded guilty or were convicted after trial are "entitled to a conclusive presumption of egregious government misconduct" if the evidence against them included breathalyzer test results from a Draeger Alcotest 9510 breathalyzer device last calibrated and certified prior to April 18, 2019. Hallinan, 491 Mass. at 731. To withdraw a guilty plea based on such misconduct, a defendant must also "demonstrate a reasonable probability that he would not have pleaded guilty had he known of [the] misconduct." Commonwealth v. Scott, 467 Mass. 336, 355 (2014). The judge must consider the following:

> "(1) whether evidence of the government misconduct could have detracted from the factual basis used to support the guilty plea, (2) whether the evidence could have been used to impeach a witness whose credibility may have been outcome-determinative, (3) whether the evidence is cumulative of other evidence already in the defendant's possession, (4) whether the evidence would have influenced counsel's recommendation as to whether to accept a particular plea offer, and (5) whether the value of the evidence was outweighed by the benefits of entering into the plea agreement."

4

Hallinan, supra at 750, quoting Scott, supra. This two-pronged analysis is known as the Scott-Ferrara test. See Hallinan, supra.

As discussed, at the time he denied the defendant's motion, the judge did not have the benefit of the Hallinan decision. He was therefore unable to apply the presumption of egregious government misconduct established by that decision or make any findings whether there was a reasonable probability the defendant would have not pleaded guilty had he known of the misconduct. Although the Commonwealth has moved to expand the appellate record to include the police report, this court cannot make the required findings under the Scott-Ferrara test in the first instance. Accordingly, we vacate the order denying the defendant's motion to withdraw his guilty plea and remand for further proceedings consistent with this memorandum and order.

So ordered.

By the Court (Desmond,
Walsh & Toone, JJ.[1]),

Clerk

Entered: January 10, 2025.

---

[1] The panelists are listed in order of seniority.

5